UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10374-DPW

UNITED STATES OF AMERICA

v.

EDUARDO RODRIGUEZ

MEMORANDUM AND ORDER ON DETENTION

August 16, 2005

SOROKIN, M.J.

The Indictment charges Rodriguez with being a felon in possession of ammunition. The Government moved for detention on the grounds of dangerousness and risk of flight. 18 U.S.C. § 3142(f)(1) & (2). I allow the Government's Motion and Order the defendant DETAINED as set forth below.

The relevant facts are drawn from the testimony and documents received during the detention hearing as well as the submissions from Pretrial Services. In light of my conclusion, I did not consider or rely upon the additional facts and arguments advanced by the Government.

FINDINGS OF FACT

On or about August 30, 2004 the Brockton police received a complaint alleging Rodriguez had committed crimes against his stepdaughter. Rodriguez was, at that time, on release from a charge of possession to distribute a Class A controlled substance pending in the Brockton District Court. The police went to Rodriguez' residence to interview him. In the course of this interview, he consented to a search of his bedroom located within a halfway or sober house. In his bedroom the police found a box of .357 ammunition, a box of 9mm

ammunition, a handgun case or box, a bulletproof vest, approximately $1900 in cash in the pocket of the pants Rodriguez wore earlier that night and three bags of heroin. The heroin weighed no more than 2.73 grams and possibly as little as .63 grams. Later that evening the police searched the living room area of the home. There they found four handguns including one .357 and one 9mm.

Several witnesses put Rodriguez in possession of the handguns. A woman in Rodriguez's bedroom said she had seen Rodriguez with guns and identified by color one of the guns found in the living room as Rodriguez's. To federal agents, Rodriguez stated that he purchased three of the four guns from the brother of a neighbor four days earlier and then requested and obtained the ammunition from this person. The agents interviewed the brother of the neighbor; he admitted selling guns to Rodriguez. The evidence against Rodriguez, for possession of the ammunition, at this stage is strong.

The police arrested Rodriguez that evening. Thereafter he was in state custody until he made bail at which he was taken into federal custody pursuant to a detainer that had issued in this case. Rodriguez's record includes the following convictions. On May 19, 2000 he was convicted of a Controlled Substance School Zone offense in Plymouth Superior Court for which he received a two year sentence. The Indictment date for this offense is July 21, 1998. On July 22, 1998 the same charge, which had been pending in Brockton District Court since April 15, 1997, was dismissed due to this Indictment (there are no other Superior Court cases listed on Rodriguez's record). Therefore, at the time Rodriguez committed the Breaking and Entering Nightime for which he was convicted in Attleboro District Court on July 12, 2000 (listed on the Pretrial Services Record as Home Invasion), Rodriguez was on release from the aforementioned controlled substance charge. Rodriguez was also convicted of an Assault charge out of New

2

Jersey in 1991 for which he received a seven year sentence.

Rodriguez is a United States citizen, father to five children ages 3 to 17, in good overall health, but suffering from a serious heroin addiction. Since his arrest on August 30, 2004 Rodriguez has been in custody and he has remained sober, by self-report, during that time. Rodriguez's recent verified work history is limited. In 2001 he worked for approximately five months for a flooring company; he returned to work for them for several days in 2002. While he reports to have performed some work for an auto auction company the details of scope and duration are unclear and that employment is unverified.

Rodriguez proposes release on the following conditions: unsecured bond, one time per week in person reporting to Pretrial Services, and drug evaluation and treatment as recommended by Pretrial. In addition, he proposes that he live with a long standing friend at her home in Stoughton; she would serve as a third party custodian.

## FINDINGS OF LAW AND DISCUSSION

The defendant may be detained only if the Government establishes, by clear and convincing evidence, that the defendant is a danger to the community or, by a preponderance of evidence, that he poses a risk of flight. 18 U.S.C. § 3142; <u>United States v. Salerno</u>, 481 U.S. 739 (1987); <u>United States v. Patriarca</u>, 948 F.2d 789 (1st Cir. 1991). In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including:

    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

The facts of this case establish a rebuttable presumption that I should detain Rodriguez. Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) Rodriguez has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.

Based upon Rodriguez's record, he appears, at this stage to face, if convicted, sentencing as an Armed Career Criminal, an offense with a maximum of Life in prison making the present charge one that falls under subsection (f)(1)(B). The other preconditions of this presumption are established by Rodriguez's record: the Breaking and Entering offense described above is a crime of violence and he committed the offense while on release. The record reveals a conviction date

4

of July 19, 2000 with 73 days of jail credit, thus I conclude that less than five years has elapsed since his release from custody. The conditions proposed by Rodriguez are insufficient to rebut this presumption as nothing about Rodriguez's proposed custodian establishes she could meaningfully supervise him. Further weighing against Rodriguez is the fact the present offense occurred while he was on release from the February 2004 drug charges.

Even absent the presumption, I separately conclude that the Government has met its burden of proof. The evidence establishes that Rodriguez had multiple handguns, substantial ammunition for at least two of the weapons (40-50 rounds each), cash and a bullet proof vest all in some sort of sober house. Moreover Rodriguez has a record of serial offenses: first he was convicted of assault in New Jersey for which he received a seven year sentence and served until 1996; second, thereafter in Massachusetts he was convicted in 2000 of two offenses committed in 1997 and 1998 (one of which he committed while on release awaiting trial for the other offense) for which he received served jail sentences; and third, after his release from jail in Massachusetts he now faces the present charge arising out of events taking place while he was on release awaiting trial from another offense.

Accordingly, either with or without the presumption described above, I find that the Government has met its burden of proof by clear and convincing evidence to establish that no condition or combination of conditions will reasonably assure the safety of the community. As to risk of flight, the application of the fifteen year mandatory minimum, which applies based upon the record as it exists before me, raises a significant motive to flee notwithstanding Pretrial's recommendation that conditions could be fashioned to reasonably assure Rodriguez's appearance. In light of that, the totality of evidence and the serial nature of Rodriguez's criminal conduct much of which occurred while on release from other charges I find that the Government

has established by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Rodriguez's appearance.

ORDER OF DETENTION PENDING TRIAL

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That Mr. Rodriguez be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Rodriguez be afforded a reasonable opportunity for private consultation with counsel; and

3. That on order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Rodriguez is detained and confined shall deliver Mr. Rodriguez to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge