```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA** )
                               )
         v.                   )     CRIMINAL NO. 04-10374-DPW
                               )
**EDUARDO RODRIGUEZ**         )

## GOVERNMENT'S OPPOSITION TO
## MOTION TO SUPPRESS FRUITS OF WARRANTLESS SEARCH

The government hereby respectfully submits its opposition to the Defendant's Motion to Suppress All Fruits of Warrantless Search (the "Motion").

### BACKGROUND

The defendant in this case is charged with being a felon in possession of ammunition, which was recovered from his bedroom in a half-way house early in the morning of August 28, 2004. The government expects the evidence adduced at the suppression haring on the Motion will, in substance and among other things, show the following.

Early in the morning of August 28, 2004, the Brockton Police Department received a complaint that the defendant had inappropriately touched, and then assaulted with a metal object, the 15-year-old daughter of the woman with whom he had fathered two younger children. The police responded to the residence of the young girl and spoke with her and her mother. They told the police, among other things, that the defendant lived at 285 Green Street, having last lived with them approximately two years earlier. The mother also told the police, among other things,

that the defendant was known to have one or two guns in his possession and was known to sleep with one under his pillow.

The police then proceeded to 285 Green Street. Officers Gaucher and Drane entered as Officer Kirby watched the back of the building. After several minutes another occupant of the defendant's apartment unit responded to knocking and, upon learning the officers were seeking the defendant, allowed them in and pointed out the defendant's bedroom. The officers approached the room, the door to which was partially ajar, and yelled in for the defendant by name. The defendant jumped out of bed, leaving behind a woman. The defendant came to the door and, when the police told him they wanted to speak to him about a private matter, led the police to the hallway to the second floor of the building.

Officer Gaucher advised the defendant of his <u>Miranda</u> rights, and the defendant agreed to speak to the police. The police told the defendant that they were there to investigate an allegation that the defendant had committed an indecent assault and battery. The defendant told the police he had been at a club in Boston with the woman in his room, and denied having been at the victim's residence a short while earlier.

Officer Gaucher then asked the defendant whether he had any weapons in his room. The defendant denied that he did. The defendant gave the police his consent to search his room.

2

Officer Drane went into the bedroom and began speaking with the woman in the bed (who, upon emerging, proved to be fully clothed), as Officer Kirby arrived at the second floor hallway. The police again confirmed with the defendant that he consented to their searching his bedroom, the defendant telling the police that he had "nothing to hide."

Two of the officers then searched the defendant's bedroom. They located an empty leather-like gun case under the bed. On the floor near a television, the police found a box containing 9mm ammunition and another box containing .357 caliber ammunition, the items referred to in the indictment. The police also recovered from the bedroom, among other things, three bags of heroin; $1,910 in cash in a cloth bag; another $184 in cash in the pocket of a pair of pants; and various pieces of identification appearing to bear the defendant's photograph but bearing the name, not only of the defendant, but also of his brother and a "Frank Rosario."[1]

The defendant was arrested and taken to the Brockton Police Department. Two ATF agents approached the defendant and, after being advised again of his <u>Miranda</u> rights, the defendant agreed

---

[1] The police also recovered four firearms from under the cushions of a sofa in a common area of the defendant's apartment. The government has not charged the defendant with possession of these firearms.

3

to speak with the agents.  Among other things and in substance, he told the agents that he had bought three firearms approximately four days earlier from the brother of a neighbor for $900. This same person also obtained ammunition for the defendant, for which he paid $20 per box.

## ARGUMENT

The defendant's sole claim in support of his suppression motion is that the warrantless search of his bedroom did not fall within any recognized exception to the Fourth Amendment's warrant requirement.  But, as indicated above, and notwithstanding the claims in his affidavit, the defendant consented to the search, not just once but twice.  "[O]ne of the specifically established exceptions to the [Fourth Amendment] requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."  Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).  Here, the defendant twice told the police, in response to their request, that they could search his bedroom, asserting that he had "nothing to hide."  The discovery of the ammunition giving rise to the charge in this case resulted from a search falling squarely within the scope of the defendant's consent. See, e.g., United States v. Melendez, 301 F.3d 27, 32 (1st Cir. 2002)(scope of consent measured by test of objective reasonableness); United States v. Pena, 143 F.3d 1363, 1368 (10th cir. 1998)(officer's request to "look in" a motel room reasonably

understood to include thorough search of room); United States v. Harris, 928 F.2d 1113, 1115, 1117 (11th Cir. 1991)(officer within scope of consent to unzip luggage in trunk after permission given to "look in" car to make sure there were no illegal drugs, weapons or contraband). Accordingly, the police properly seized the ammunition from the defendant's bedroom.

It follows, then, that the defendant's motion should be denied, not only as to the ammunition, but also as to the defendant's statements. The government does not understand the defendant to be arguing that his statements were obtained in contravention of Miranda. Given that probable cause existed to arrest the defendant, not only for unlawful possession of ammunition once the ammunition was found, but also for the indecent assault and battery on the 15-year-old girl, the defendant's arrest was valid and the Mirandized statements obtained thereafter admissible. See Carroll v. United States, 267 U.S. 132 (1925)(warrantless arrest permissible when probable cause exists to believe defendant has committed felony); see also Beck v. Ohio, 379 U.S. 89, 91 (1964)(police have probable cause to make warrantless arrest when they have knowledge of facts and circumstances sufficient to warrant a belief by a prudent person that an offense has been committed by the person to be arrested).

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney


                By:   /s/Robert E. Richardson
                     ROBERT E. RICHARDSON
                     Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

Suffolk, ss.                        Boston, Massachusetts
                                      August 25, 2005

    I hereby certify that a true copy of the foregoing was served by electronic filing upon counsel for the defendant, E. Peter Parker, Esq., One Commercial Wharf North, Second Floor, Boston, MA 02110.

                                    /s/Robert E. Richardson
                                    Robert E. Richardson
                                    Assistant U.S. Attorney