UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10374-DPW |
| ) | |
| **EDUARDO RODRIGUEZ** ) | |

### GOVERNMENT'S TRIAL BRIEF

The government respectfully submits herewith its trial brief.

I. <u>PROCEDURAL HISTORY</u>

1. The instant indictment was returned on December 14, 2004.

2. Defendant Eduardo Rodriguez was arraigned on January 10, 2005 and entered a plea of not guilty.

3. On October 18, 2005, this Court denied the defendant's motion to suppress evidence.

3. Trial is scheduled for Monday, November 6, 2006.

II. <u>OUTLINE OF INDICTMENT AND PENALTIES</u>

A. <u>Count One</u>

Count One of the indictment charges the defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Based on the government's current understanding of the defendant's criminal history, the defendant is an armed career criminal and as such is facing a minimum mandatory term of imprisonment of 15 years and a maximum possible term of imprisonment of life. 18 U.S.C. §§ 924(a)(2), 924(e). The

defendant also may be sentenced to a term of supervised release of up to five years. See 18 U.S.C. § 3583. On conviction, the Court must impose a mandatory $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A).

III. ANTICIPATED EVIDENCE

    A.    Events of August 28, 2004

This case arises from the defendant's possession of a two boxes of ammunition on August 28, 2004: a box of .357 caliber ammunition, and a box of 9mm ammunition. In sum and substance,[1] the government expects the evidence to show that, early in the morning of August 28, the police responded to a residence in Brockton and spoke to residents regarding alleged conduct by the defendant. Upon learning that the defendant lived at 285 Green Street, the police proceeded to that location. Officers Gaucher and Drane entered as Officer Kirby watched the back of the building. After several minutes another occupant of the defendant's apartment unit responded to knocking and, upon learning the officers were seeking the defendant, allowed them in and pointed out the defendant's bedroom. The officers approached the room, the door to which was partially ajar, and yelled in for the defendant by name. The defendant jumped out of bed, leaving

---

[1] The government reserves the right to adduce additional evidence at trial. The summary contained herein is intended only generally to recount the evidence the government expects to introduce at trial.

behind a woman.  The defendant came to the door and, when the police told him they wanted to speak to him about a private matter, led the police to the hallway to the second floor of the building.

Officer Gaucher advised the defendant of his <u>Miranda</u> rights, and the defendant agreed to speak to the police.  The police told the defendant that they were there to investigate an allegation that had been made regarding the defendant's conduct, and conversation relating to that issue ensued.  Officer Gaucher then asked the defendant whether he had any weapons in his room.  The defendant denied that he did and gave the police his consent to search his room.  Officer Drane went into the bedroom and began speaking with the woman in the bed (who, upon emerging, proved to be fully clothed), as Officer Kirby arrived at the second floor hallway.  The police again confirmed with the defendant that he consented to their searching his bedroom, the defendant telling the police that he had "nothing to hide."

Two of the officers then searched the defendant's bedroom.  They located an empty leather-like gun case under the bed.  On the floor near a television, the police found a box containing 9mm ammunition and another box containing .357 caliber ammunition, the items referred to in the indictment.  The police also recovered from the bedroom, among other things, various pieces of identification appearing to bear the defendant's

photograph but bearing the name, not only of the defendant, but also of his brother and a "Frank Rosario."

B.  The Defendant's Statements

The defendant was arrested and taken to the Brockton Police Department.  Two ATF agents approached the defendant and, after being advised again of his Miranda rights, the defendant agreed to speak with the agents.  Among other things and in substance, he told the agents that he had bought three firearms, including a .357 caliber handgun and a 9mm handgun, approximately four days earlier from the brother of a neighbor for $900. The defendant told the agents that this same person also obtained ammunition for the firearms for the defendant, for which the defendant paid $20 per box.

C.  Testimony of the Seller

The seller of the firearms and ammunition is expected to testify, in substance, that he sold three firearms to the defendant at 285 Green Street for $250 each: a .357 caliber Ruger, a COP Derringer, and a 9mm pistol.  He returned to 285 Green Street either later the day of the initial sale or the following day and provided two boxes of ammunition to the defendant for $10 each: a box of .357 caliber ammunition, and a box of 9mm ammunition.

D.  Expert Testimony

The government intends to call ATF Special Agent Phil Ball

4

to testify based on his training and experience, <u>inter</u> <u>alia</u>, to the fact that the rounds of ammunition were all manufactured outside of Massachusetts and that the rounds of ammunition meet the federal definition of such.  Special Agent Ball will testify regarding how the ammunition is designed, will explain the component parts of a round of ammunition, and will explain how it functions when used in a firearm.

E.   <u>Felony Conviction</u>

As noted above, the defendant is an armed career criminal; as such, he has three prior felony convictions.  The government will offer evidence of such a conviction.

F.   <u>Stipulations</u>

The government is exploring with the defendant the possibility of entering into one or more stipulations.

IV.  <u>POTENTIAL LEGAL AND EVIDENTIARY ISSUES</u>

The government has filed separately a motion in limine seeking a ruling by this Court that certain evidence is admissible at the trial of this matter.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

By: _____
     ROBERT E. RICHARDSON
     Assistant U.S. Attorney

## Certificate of Service

    I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 16, 2006.

                                            /s/Robert E. Richardson
                                            ROBERT E. RICHARDSON