UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10374-DPW |
| | ) | |
| EDUARDO RODRIGUEZ | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the government hereby submits its requests for jury instructions in the captioned matter.  The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and developments at trial.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/Robert E. Richardson
Robert E. Richardson
Assistant U.S. Attorney
(617)748-3264


Certificate of Service

I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 16, 2006.


/s/Robert E. Richardson
ROBERT E. RICHARDSON

## TABLE OF CONTENTS

Instruction No.

1    Function of the Jury . . . . . . . . . . . . . . . 3

2    Presumption of Innocence; Burden of Proof; Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . 5

3    Direct and Circumstantial Evidence; Inferences . . . 7

4    Credibility of Witnesses . . . . . . . . . . . . . 9

5    Credibility -- Prior Inconsistent Statements . . . 11

6    Expert Testimony . . . . . . . . . . . . . . . . 12

7    Punishment . . . . . . . . . . . . . . . . . . . 13

8    "On or About" . . . . . . . . . . . . . . . . . . 14

9    Proof May be Disjunctive . . . . . . . . . . . . . 15

10    Stipulations of Fact . . . . . . . . . . . . . . . 16

11    Indictment . . . . . . . . . . . . . . . . . . . 17

12    Indictment-Count One . . . . . . . . . . . . . . . 18

13    Prior Felony Conviction . . . . . . . . . . . . . 19

14    Possession -- Actual and Constructive . . . . . . 20

15    Ammunition . . . . . . . . . . . . . . . . . . . 22

16    Knowledge . . . . . . . . . . . . . . . . . . . . 23

17    Proof of Knowledge . . . . . . . . . . . . . . . . 24

18    Interstate Commerce . . . . . . . . . . . . . . . 25

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 1</u>
(Function of the Jury)

The function of you as jurors is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you in order to decide whether the defendant is guilty or not guilty of the charge the United States has brought against him. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the course of the trial. You are not to decide the case on the basis of what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crime with which the defendant has been charged or the consequences of your verdict. Instead you must confine your

3

deliberations to the evidence and to nothing but the evidence.

See Edward J. Devitt et al., Federal Jury Practice and Instructions, §10.01 (4th ed. 1990); see also First Circuit Pattern Jury Instructions (Criminal) §3.01 (1998).

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 2</u>
(Presumption of Innocence; Burden of Proof; Reasonable Doubt)

This is a criminal case in which the United States has charged the defendant with committing a crime. Like every criminal case, the defendant here is presumed by law to be innocent. This presumption of innocence stays with the defendant throughout the course of the trial. It can be overcome only when the United States introduces competent evidence during the course of the trial that satisfies its burden of convincing you beyond a reasonable doubt of the defendants' guilt with respect to every element of the offense.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged. This burden of proof rests upon the United States and it never shifts to the defendant. The defendant is not required to prove anything to you or to present any evidence at all. If the United States fails to meet its burden of proof, then you must acquit the defendant. If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. A reasonable doubt is not doubt in the mind of a juror who is looking for a doubt or who is looking for an excuse to acquit the defendant. It is doubt in the mind of

5

a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is a doubt based on reason and common sense.

Proof beyond a reasonable doubt is not proof beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt. The United States is not required to prove the charge to an absolute or mathematical certainty since there are few things in this world that we know with absolute certainty. Thus, the law does not require that the United States prove its case to the same degree of certainty that you have that when you add two plus two you get four. As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of the defendant's guilt.

Federal Judicial Center, Pattern Criminal Jury Instructions, 28 (1988); United States v. DeVincent, 632 F.2d 147, 152-153 & n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir. 1984), cert. denied, 466 U.S. 960 (1984); United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987); United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir.), cert. denied, 490 U.S. 1027 (1989); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989); see First Circuit Pattern Jury Instructions (Criminal) §3.02 (West 1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
(Direct and Circumstantial Evidence; Inferences)

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial.  That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his or her senses. Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference?  Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Drawing inferences is something you do every day.  Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence.  When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of

7

what somebody saw, or heard, or in some way perceived with one of the five senses -- when it hasn't been proven in that fashion, you jurors must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence. Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offense alleged in the Indictment.

United States v. Clifford, 979 F.2d 896, 897-98 (1st Cir. 1992); United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992); see First Circuit Pattern Jury Instructions (Criminal) §§3.04, 3.05 (West 1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
(Credibility of Witnesses)

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses. What do I mean by credibility? That is simply another word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and testified. You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you. You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this terribly important judgment about credibility. I can suggest to you, however, some of the things that you should look at in making that judgment. You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of

9

opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over.  You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case.  You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony.  The list is not exhaustive.  It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

United States v. Hardy, No. 91-10180-K, Charge to the Jury (D. Mass. Nov. 13, 1991) (Keeton, J.); see also Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 15.01 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
(Credibility -- Prior Inconsistent Statements)

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Pattern Jury Instructions, Criminal Cases, §6.2 (West 1997).

11

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6
(Expert Testimony)

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

See Edward J. Devitt et al., Federal Jury Practice and Instructions §14.01 (4th ed. 1990); see also First Circuit Pattern Jury Instructions (Criminal) § 2.06 (West 1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
(Punishment)

If the defendant is found guilty, it will be my duty to decide what his punishment will be.  You should not be concerned with punishment in any way.  It should not enter into your consideration or discussion.

Fifth Circuit Pattern Jury Instructions (Criminal), §1.20 (West 1997).

13

INSTRUCTION NO. 8
"On or About"

You will note that the indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

1 Mod. Fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

14

INSTRUCTION NO. 9
Proof May Be Disjunctive

Although Count One of the Indictment charges the defendant with possessing various rounds of ammunition, it is sufficient if the government proves beyond a reasonable doubt that the defendant possessed any one of the rounds of ammunition.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, § 1.21 (1990); 1 Edward J. Devitt, et al., Federal Jury Practice and Instructions, § 18.02 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
(Stipulations of Fact)

The evidence in this case includes facts to which the defendant and the government have agreed or stipulated. A stipulation means that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept these stipulations as facts to be given whatever weight you choose.

First Circuit Pattern Jury Instructions Criminal Cases § 2.01 (West 1998).

16

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
(Indictment)

With these preliminary instructions in mind, let us turn to the charge against the defendant in the Indictment.  An Indictment is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has pled "not guilty" to the charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond reasonable doubt.

Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction No. 3-1 (1993); see First Circuit Pattern Jury Instructions (Criminal), §1.02 (West 1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
(Indictment-Count One)

Count One of the indictment – the only count in the indictment – charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute that provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess ammunition in or affecting commerce.

Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

**FIRST:**     that at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:**    that the defendant knowingly possessed ammunition; and

**THIRD:**     that such possession was in or affecting commerce.

18 U.S.C. §922(g)(1); United States v. Ramos, 961 F.2d 1003, 1006 (1st Cir.), cert. denied, 506 U.S. 934 (1992), overruled on other grounds, United States v. Canor, 77 F.3d 1 (1st Cir. 1996).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13
(Prior Felony Conviction)

The first element which the government must prove to you beyond a reasonable doubt is that the defendant was a felon at the time of possession.  You must be satisfied that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year and that such conviction took place at a time before the time it is alleged that the defendant was in possession of ammunition, in this case prior to August 28, 2004.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
(Possession-- Actual and Constructive)

The second element of Count One the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm or ammunition. What do we mean by the term possessed when used in a legal sense? The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object. A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object, either directly or through others. For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today. Though you are not in actual possession of such items at this moment, you are in constructive possession of them. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence. Possession may be solely with one person or may be shared jointly by two or more persons.

20

Possession may be actual or constructive.

In order for the government to prove that the defendant was in possession of ammunition, it is not necessary to prove that the defendant owned the ammunition.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of the ammunition.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); United States v. Wight, 968 F.2d 1393, 1397-98 (1st Cir. 1992); United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v. Lamare, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982), cert. denied, 459 U.S. 1148 (1983); United States v. Alverson, 666 F.2d 341, 345-46 (9th Cir. 1985); United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973); Edward J. Devitt et al., Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15
(Ammunition)

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16
(Knowledge)

The government must also establish beyond a reasonable doubt that the defendant was in <u>knowing</u> possession of ammunition.  This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing ammunition.  To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing ammunition.

<u>United States v. Ramos</u>, 961 F.2d 1003, 1005 (1st Cir. 1992), <u>overruled on other grounds United States v. Caron</u>, 77 F.3d 1 (1996); <u>United States v. Lamare</u>, 711 F.2d 3, 6 (1st Cir. 1983); <u>United States v. Freed</u>, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); <u>United States v. Powell</u>, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), <u>cert. denied</u>, 423 U.S. 853 (1975); <u>United States v. Hardy</u>, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17
(Proof of Knowledge)

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

Ammunition is possessed knowingly if it is possessed voluntarily and intentionally, and not because of mistake or accident.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); Edward J. Devitt et al., Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 6-17 (1993).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18
(Interstate Commerce)

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of ammunition was in or affecting commerce.  The term "in or affecting commerce" simply means that the ammunition  must have had some minimal link to interstate or foreign commerce.  This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of a particular round of ammunition, it moved across a state line or international boundary.  Thus, if it is established that the ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the ammunition in some other state or country and personally carried it into Massachusetts.  Nor must the government prove who did purchase the ammunition or how it arrived in Massachusetts.  In addition, the government does not have to prove that the defendant knew that the ammunition had crossed state or national boundary lines.  All that is required is proof that the ammunition had traveled in interstate or foreign commerce by moving across a state or national boundary line at any time prior to the

26

defendant's alleged possession of it.

Scarborough v. United States, 431 U.S. 563, 566-77 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir.), cert. denied, 488 U.S. 857 (1988); United States v. Sutton, 521 F.2d 1385, 1391 (7th Cir. 1975); Edward J. Devitt et al., Federal Jury Practices and Instructions §36.14 (4th ed. 1990).